# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**GERRY RUFF,**

      **Plaintiff,**

                                       **Civil Action 2:17-cv-540**
**v.**                                      **Judge George C. Smith**
                                       **Magistrate Judge Jolson**

**CREDIT ADJUSTMENT, INC.,**
      **Defendant.**

## REPORT AND RECOMMENDATION

On June 21, 2017, Plaintiff filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (Doc. 1). In *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331 (1948), the Supreme Court set forth the legal standard applicable to a motion to proceed *in forma pauperis*. An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the Court's filing fee without depriving himself and his dependents the "necessities of life." *Id*. at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x. 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the Court's filing fee will render the plaintiff unable to provide for himself and his dependents, the Court cannot grant him *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

Plaintiff has commenced five cases in this Court and has proceeded *in forma pauperis* in all but one, in which his motion was denied. *Gerry Ruff-El v. Nicholas Fin., Inc. et al.*, 2:11-cv-

618 (Doc. 5); *Gerry Ruff-El v. Fumble Recovery LLC*, 2:12-cv-343 (Doc. 2); *Gerry Ruff-El v. Capital Recovery Sys., Inc.*, 2:12-cv-383 (Doc. 2); *Gerry Ruff v. Fed. Adjustment Bureau*, 2:16-cv-943 (Doc. 4); *but see Cambridge Mun. Court v. Gerry Ruff-El*, 2:11-cv-783 (Doc. 3) (denying leave to proceed *in forma paueris*). The Undersigned was assigned to Plaintiff's most recent case against the Federal Adjustment Bureau, 2:16-cv-943. In that case, Plaintiff represented that: his income at Verizon Wireless was $2,278.82 per month; he provided $200 per month to his minor son and daughter (totaling $400 per month); he had $200 in cash or in a bank account; and he did not own any automobiles. (Doc. 3 at 2–3). Plaintiff also represented the following:

VII. List all your creditors, including banks, loan companies, charge accounts, personal loans, rent, utilities, child support, etc., and the amount you pay each month on each bill/obligation:

| Creditor | Amount Owed | Creditor | Amount Owed |
|---|---|---|---|
| RENT | $1,365.00 | First Invests | $455.39 |
| VERIZON | $191.00 | NATIONWIDE | $200.02 |
| RENTER INS. | $108.00 | | $ |
| TIME WARRNER | $98.00 | | $ |

(*See id.*). Based on those representations, the Court allowed Plaintiff to proceed *in forma pauperis*. (Doc. 4).

It appears that in the eight months since filing his motion for leave to proceed *in forma pauperis* in Case No. 2:16-cv-943, Plaintiff's financial circumstances have changed. He represents that his salary at Verizon Wireless has increased by $181.20 to $2460.02 per month, but he has cut his support payments to his minor son and daughter in half, now paying just $100 per month per child, for a total of $200 per month. (Doc. 1 at 2). He no longer has any cash on hand or in an account, and his creditors have changed to the following:

2

**VII. List all your creditors, including banks, loan companies, charge accounts, personal loans, rent, utilities, child support, etc., and the amount you pay each month on each bill/obligation:**

| Creditor | Amount Owed | Creditor | Amount Owed |
|---|---|---|---|
| RENT/Lifestyle Communities | $1350.00 | | $ |
| Car Payment | $500.00 | | $ |
| Cellphone Verizon | $250.00 | | $ |
| Utilites | $300.00 | | $ |

(*Id*. at 3). Even putting aside the fact that Plaintiff completed the forms, which require a listing of *all* creditors in a disparate way, it appears that Plaintiff has opted to undertake the new expense of a car payment for $500 per month. (*Compare* Doc. 3 in 2:16-cv-943 *with* Doc. 1 in 2:17-cv-540).

Given these circumstances, it appears that Plaintiff has access to sufficient assets such that paying the one-time filing fee of $400.00 would not impose an undue hardship upon him. That is, paying the filing fee would not cause Plaintiff to deprive himself the necessities of life. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for leave to proceed *in forma pauperis* be denied. (Doc. 1).

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: June 26, 2017

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE